COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-464-CR
 
 
JOSH CHARLES WORSHAM                                                   APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 371ST DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Josh Charles Worsham of murder and sentenced him to fifteen 
years’ imprisonment.  In one point on appeal, appellant challenges the 
admission of extraneous evidence offered to show the previous relationship 
existing between appellant and the deceased. We affirm.
        Appellant 
killed his childhood friend Clint Chalmers by stabbing him in the heart during a 
heated argument.  Appellant claimed that the two were fighting because 
appellant refused to give Chalmers a ride.  Earlier, Jonathan Derrick had 
gone to appellant’s home to ask for a ride.  Appellant had agreed, but 
told Derrick to return after dinner.  He had also told Derrick that he 
would not give anyone else a ride.  When Derrick returned, Chalmers was 
with him and Chalmers insisted that appellant give him a ride, too.  
Appellant refused, the two began fighting, and appellant killed Chalmers.
        The 
State claimed that appellant killed Chalmers because Chalmers shortchanged 
appellant during their drug dealings.  In a hearing outside the jury’s 
presence, the State argued that it needed to show evidence of drug dealing as 
part of the relationship between appellant and Chalmers in order to show 
appellant’s motive for the murder and to rebut appellant’s self-defense 
claim.  Appellant’s counsel objected, arguing that the evidence 
concerning drug activity was inadmissible character conformity evidence.  
The trial court overruled the objection, found the evidence relevant to motive, 
and stated that it would allow evidence concerning drug activity if the State 
could show that appellant and Chalmers pooled money to buy drugs, there was some 
type of selling activity, and appellant got shortchanged.  Appellant’s 
counsel then objected that such evidence would be more prejudicial than 
probative.  After hearing appellant’s testimony concerning drug activity, 
the trial court overruled the objection and again stated that the State could 
elicit testimony concerning appellant and Chalmers’s pooling their money and 
purchasing drugs.  The trial court also determined that the probative value 
of the evidence was not outweighed by its prejudicial effect.
        The 
trial court then allowed the State to cross-examine appellant in front of the 
jury about his and Chalmers’s prior drug-dealing relationship.  Appellant 
testified that he had been chauffeuring Chalmers for the past four years, since 
they were sixteen.  Appellant, Chalmers, and others pooled their money to 
purchase cocaine, and appellant believed that he did not get back a fair amount 
of the cocaine to sell.
        Appellant 
argues on appeal that the trial court erred in admitting the following excerpt 
from appellant’s testimony concerning drug activity because it is not relevant 
to appellant and Chalmers’s relationship and because it is more prejudicial 
than probative:
 
        Q:     And 
about how much would you purchase at a time?
 
        A.     About 
an ounce of cocaine.
 
        Q: 
    An ounce. Now, is cocaine when you turn 
around and sell it to someone, is that sold in ounces or in grams?
 
        A:     Grams.
 
        Q: 
    And how many hits can you get off of one 
gram, let’s say rock cocaine, crack cocaine?
 
        A:     How 
many hits?
 
        Q:     How 
many hits in one gram of crack?
 
        A:     Depends 
on how many lines you divide up, however many you want.
 
        Q:     And 
would that be more than five?
 
        A:     Depends 
on the way you break it up.
 
        Q:     Could 
be more than five?
 
        A:     Could 
be.
 
        Q:     Up 
to ten?
 
        A:     Yes.
 
        Q:     So 
that was one gram would be five to ten hits?
 
        A:     Depending 
on how you break it up, yes.
 
        Q:     And 
when we say “hits,” it could be five to ten different people getting one 
hit, correct?
 
        A:     I’m 
not sure what you —
 
        Q:     If 
you’ve got the crack in a pot and you —
 
        A:     I’m 
not talking about crack. I’m talking about cocaine.
 
        Q:     Well, 
I’m talking about rock cocaine which is also known as crack cocaine.
 
        A:     Oh, 
we never — we never got that. We just got coke. We just got powdered coke, 
which was kind of in a rock form, but it wasn’t crack. It was just solid 
cocaine.
 
        Q:     Was 
it a powder like sugar?
 
        A:     Yes. 
It was like a dry sugar is what it was. It wasn’t cracked up yet.
 
        Q:     It 
was in a block, correct?
 
        A:     Yes.
 
        Q:     But 
it wasn’t a powder, it was a solid block?
 
        A:     Some 
of it was powder, and some of it was clumped together.

        Evidence 
of other crimes, wrongs, or acts is not admissible to prove the character of the 
defendant and that he acted in conformity with that character.  Tex. R. Evid. 404(b).  Article 
38.36 of the code of criminal procedure provides, however, that in all 
prosecutions for murder the State may offer evidence of the defendant’s 
previous relationship with the victim, together with all facts and circumstances 
going to show the condition of the mind of the accused at the time of the 
killing.  Tex. Code Crim. Proc. Ann. 
art. 38.36(a) (Vernon Supp. 2004).
        Evidence 
admissible under article 38.36 may be excluded under rules of evidence 404(b) 
and 403.  Tex. R. Evid. 
404(b), 403; Smith v. State, 5 S.W.3d 673, 679 (Tex. Crim. App. 1999).  
If the defendant makes a timely 404(b) or 403 objection, before the trial court 
can properly admit the evidence under article 38.36, it must first find that the 
non-character conformity purpose for which it is proffered is relevant to a 
material issue.  Smith, 5 S.W.3d at 679.  If the proffered 
evidence is relevant to a material issue, the trial court must then determine 
whether the evidence should nevertheless be excluded because its probative value 
is substantially outweighed by its inflammatory effect or the danger of unfair 
prejudice.  Id.; see also Saxer v. State, 115 S.W.3d 765, 774 (Tex. 
App.—Beaumont 2003, pet. filed); Gipson v. State, 82 S.W.3d 715, 722 
(Tex. App.—Waco 2002, no pet.).
        Appellate 
courts measure the trial court’s rulings concerning the admissibility of 
evidence of other crimes, wrongs, or acts under an abuse of discretion standard.  
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  As 
long as the trial court’s ruling was at least within the zone of reasonable 
disagreement, the appellate court will not interfere with the ruling. Id. 
at 391.
        Rule 
401 defines “relevant evidence” as “evidence having any tendency to make 
the existence of any fact that is of consequence to the determination of the 
action more probable or less probable than it would be without the evidence.”  
Tex. R. Evid. 401.  Rule 
404(b) provides that “[e]vidence of other crimes, wrongs or acts is not 
admissible to prove the character of a person in order to show action in 
conformity therewith.  It may, however, be admissible for other purposes, 
such as proof of motive, opportunity, intent, preparation, plan, knowledge, 
identity, or absence of mistake or accident.”  Tex. R. Evid. 404(b).
        The 
above-quoted testimony supported the State’s theory that appellant was 
motivated to kill Chalmers because he thought Chalmers was cheating him out of 
drug money.  The testimony demonstrated that appellant was more than just a 
chauffer.  Instead, it showed that appellant was an active participant in 
the drug purchases.  He knew the quantity of drugs Chalmers purchased and 
how the drugs potentially were divided for resale.  We thus agree with the 
trial court that appellant’s testimony concerning drug activity was relevant 
as proof of his motive to murder Chalmers.  As such, it was admissible 
under rule 404(b) because it was being used for purposes other than mere 
character conformity.
        If 
a trial court determines that evidence of other crimes or extraneous misconduct 
has relevance aside from character conformity, and a timely, proper rule 403 
objection is made, the trial court must make a balancing determination under 
rule 403.  Montgomery, 810 S.W.2d at 388-89.  Rule 403 provides 
that "[a]lthough relevant, evidence may be excluded if its probative value 
is substantially outweighed by the danger of unfair prejudice, confusion of the 
issues, or misleading the jury, or by considerations of undue delay, or needless 
presentation of cumulative evidence."  Tex. R. Evid. 403.  Only 
"unfair" prejudice provides the basis for exclusion of relevant 
evidence.  Montgomery, 810 S.W.2d at 389. Unfair prejudice arises 
from evidence that has an undue tendency to suggest that a decision be made on 
an improper basis, commonly an emotional one.  Id.  Rule 403 
favors admissibility, and a presumption exists that relevant evidence will be 
more probative than prejudicial.  Id.; DeLeon v. State, 77 
S.W.3d 300, 315 (Tex. App.—Austin 2001, pet. ref’d).
        The 
trial court's balancing determination must be measured against the relevant 
criteria by which a rule 403 decision is made.  Tex. R. Evid. 403; Mozon v. State, 
991 S.W.2d 841, 847 (Tex. Crim. App. 1999).  The relevant criteria in 
determining whether the prejudice of an extraneous offense substantially 
outweighs its probative value include the following: (1) how compellingly the 
extraneous offense evidence serves to make a fact of consequence more or less 
probable—a factor which is related to the strength of the evidence presented 
by the proponent to show the defendant in fact committed the extraneous offense; 
(2) the potential the other offense evidence has to impress the jury "in 
some irrational but nevertheless indelible way"; (3) the time the proponent 
will need to develop the evidence, during which the jury will be distracted from 
consideration of the indicted offense; and (4) the force of the proponent's need 
for this evidence to prove a fact of consequence, that is, does the proponent 
have other probative evidence available to him to help establish this fact, and 
is this fact related to an issue in dispute.  Id. (citing Montgomery, 
810 S.W.2d at 389-90).
        Appellant 
was the only witness who testified concerning drug activity, and, as we have 
previously observed, the only witness who provided the objected-to testimony 
concerning the kinds, amounts, and sales of drugs.  Testimony concerning 
appellant’s active participation in the drug transactions demonstrated the 
nature of the previous relationship between appellant and Chalmers and supported 
the State’s theory that appellant’s motive for killing Chalmers was 
bitterness about being cheated out of drug money by Chalmers.  It is 
unlikely that the jury had an irrational emotional response to the drug dealing 
testimony because the charged offense, murder, was more serious than the 
extraneous offense, and drug dealing comprised a small portion of the State’s 
case.
        Appellant 
claims that the State urged the jury to convict appellant based on testimony 
concerning drugs.  In her closing statement, the prosecutor argued, “I 
ask you to listen to those words and think about the prior relation, the drug 
dealing and how the Defendant felt he wasn’t getting a fair cut.  
That’s what this is all about, not about getting a ride that night.”  
This statement reiterates the State’s position that appellant’s motive to 
kill Chalmers was a result of the drug dealing, and is not an attempt to have 
the jury convict appellant for murder based on the extraneous offense evidence.
        We 
conclude that the trial court’s ruling admitting the testimony complained of 
in this appeal was within the zone of reasonable disagreement as to whether it 
was more probative than prejudicial. Accordingly, we hold that the trial court 
did not abuse its discretion by admitting the evidence.
        We 
overrule appellant’s issue and affirm the trial court’s judgment.
 
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
PANEL F: LIVINGSTON, GARDNER 
and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 13, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.